FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

99 FEB 17 PM 1:53

U.S. DISTRICT COURT
N.D. OF ALABAMA

GARY JOE MCILLWAIN,               )
                                 )
        Plaintiff,               )
                                 )
vs.                              )     Civil Action No. 98-S-2696-NE
                                 )
CITY OF SCOTTSBORO, SCOTT        )
WHITED, and KEITH SMITH,         )                   ENTERED cn
                                 )
        Defendants.              )          FEB 17 1999
                                 )

## MEMORANDUM OPINION

This action is before the court on defendants' motion to dismiss. Plaintiff filed a complaint asserting federal claims based upon 42 U.S.C. § 1983, as well as state law claims, on October 23, 1998. Plaintiff alleges that, following his arrest and transportation to the city jail on November 11, 1996, defendant Scott Whited, an officer for the City of Scottsboro Police Department, "shoved him in the back so as to cause him to strike the commode and floor and do damage to his body while he was being placed in a cell at the City of Scottsboro jail." (Complaint at 2-3, ¶ 6.) Plaintiff named three defendants to this action: the City of Scottsboro, Alabama, a municipal corporation; Officer Scott Whited; and Scottsboro Police Chief Keith Smith.

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations in the complaint.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."); *Williams v. City of Montgomery*, 21 F. Supp. 2d 1360, 1363 (M.D. Ala. 1998).  Moreover, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim.  *Williams*, 21 F. Supp. 2d at 1363.

## I. PLAINTIFF'S FIFTH AMENDMENT CLAIMS

The Fifth Amendment to the United States Constitution provides in pertinent part that "no person shall be ... deprived of life, liberty,  or  property,  without  due  process  of  law."[1]   This

---

[1] In full text, the Fifth Amendment to the United States Constitution reads as follows:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation.

2

protection, however, "attaches only when the federal government
seeks to deny a liberty or property interest." *Knoetze v. United
States*, 634 F.2d 207, 211 (5th Cir. 1981)[2] (citing *Perry v.
Sinderman*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972);
*Downing v. Williams*, 624 F.2d 612 (5th Cir. 1980)).   Thus,
plaintiff's claims under the Due Process Clause of the Fifth
Amendment are due to be dismissed.

## II. PLAINTIFF'S EIGHTH AMENDMENT CLAIMS

It is well-settled that Eighth Amendment prohibitions against
cruel and unusual punishment do not apply to pretrial detainees,
but only convicted prisoners.[3]  *See, e.g., Ingraham v. Wright*, 430
U.S. 651, 671-72 n.40, 97 S.Ct. 1401, 1412-13 n.40, 51 L.Ed.2d 711
(1977).   Even so, the Eighth Amendment rights of prisoners are
analogized to those of pretrial detainees under the Fourteenth
Amendment, to avoid the anomaly of extending greater constitutional
protection to a convict than to one awaiting trial.  *See, e.g.,
City of Revere v. Massachusetts General Hospital*, 463 U.S. 239,
244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983) ("[T]he due

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[3] The Eight Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

3

process rights of a [pretrial detainee] are at least as great as

the Eighth Amendment protections available to a convicted

prisoner."); *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S.Ct. 1861,

1877, 60 L.Ed.2d 447 (1979) ("[P]retrial detainees, who have not

been convicted of any crimes, retain at least those constitutional

rights that we have held are enjoyed by convicted prisoners.");

*Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985). Any

claims plaintiff may have for cruel and unusual punishment,

therefore, are covered by the Fourteenth Amendment. Accordingly,

plaintiff's claims, to the extent they are bottomed upon the

Eighth, as opposed to the Fourteenth Amendment, are due to be

dismissed.

### III. PLAINTIFF'S § 1983 CLAIMS

Plaintiff's federal claims are based upon 42 U.S.C. § 1983,

providing:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State or
> Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States
> or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity or
> other proper proceeding for redress. For the purposes of
> this section, any Act of Congress applicable exclusively
> to the District of Columbia shall be considered to be a
> statute of the District of Columbia.

4

The primary areas of focus in cases based upon § 1983 are two: whether the conduct complained of was committed by a "person" acting "under color of" state law; and, whether that conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. *See, e.g., Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *see also Burch v. Apalachee Community Mental Health Servs., Inc.*, 840 F.2d 797, 800 (11th Cir. 1988); *aff'd sub nom. Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

**A.    Are Defendants "Persons" Subject to Suit Under § 1983?**

    **1.    City of Scottsboro**

Municipalities enjoyed blanket immunity from liability under § 1983 until 1978, when the Supreme Court held that a municipal corporation <u>did</u> qualify as a "person" liable to suit under § 1983. *Monell v. Department of Social Service of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "The *Monell* ... decision made any city, county, or local jurisdiction subject to a lawsuit whenever one of its employees abridged any federal constitutional or statutory command." Randall R. Rader, Section

5

1983, *The Civil Rights Action: Legislative and Judicial Directions*,
15 Cumb. L. Rev. 571, 580 (1985) (footnote omitted).

The *Monell* Court nevertheless qualified its holding that
municipalities are "persons" subject to suit under § 1983, and
attempted to limit the potential liability of local governmental
entities by also holding that "a municipality cannot be held liable
solely because it employs a tortfeasor — or, in other words, a
municipality cannot be held liable under § 1983 on a respondeat
superior theory."   *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036.
Instead, the Court concluded that city or county governments could
be held liable only where "action pursuant to official municipal
policy of some nature caused a constitutional tort."   *Id.*[4]

"Thus municipal liability attaches only when execution of a
government's policy or custom, whether made by its lawmakers or by
those whose edicts or acts may fairly be said to represent official
policy, inflicts the injury."   Kenneth L. Lewis, *Section 1983: A
Matter of Policy — Current Overview of Municipal Liability*, 70
Mich. B.J. 556 (1991).

---

[4] The Court also stated that a local government may be held liable under
certain circumstances for a "governmental 'custom' even though such a custom has
not received formal approval through the body's official decisionmaking
channels."  *Monell*, 436 U.S. at 690-91, 98 S.Ct. at 2036.

6

## 2.   Scott Whited and Keith Smith

On the date of the incident involving plaintiff, Keith Smith

was Chief of Police, and Scott Whited was a uniformed police

officer, for the City of Scottsboro, Alabama.  Both defendants are

sued in their individual capacities.[5]  A suit against an official

in his individual capacity is a claim against the person: relief is

sought from the individual, not the governmental entity he

represents.  *See, e.g., Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct.

358, 362, 116 L.Ed.2d 301 (1991).  Accordingly, Police Chief Smith,

and Officer Whited are "persons" for purposes of § 1983, when sued

in their individual capacities.

## B.   Were Defendants Acting "Under Color of" State Law?

Chief Smith and Officer Whited unquestionably were acting

under color of state law when arresting plaintiff, and operating

the City of Scottsboro City Jail in which he was detained, pursuant

to authority vested in them by Alabama statutes.   "[A] public

employee acts under color of state law ... while exercising his

responsibilities pursuant to state law."  *West v. Atkins*, 487 U.S.

---

[5] To the extent that defendants Smith and Whited are named in their
"official capacity" through plaintiff's allegations that defendant Whited "acting
individually and on behalf of the [d]efendant, City of Scottsboro ..."
(Complaint at 2 ¶ 6), these claims are improper. Defendants Smith and Whited are
not considered "persons" subject to suit under § 1983, when sued in their
official capacities. *See Will v. Michigan Department of State Police*, 491 U.S.
58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) ("neither a State nor its
officials acting in their official capacities are 'persons' under § 1983").

7

42, 50, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (citations omitted).

### IV. Qualified Immunity

Defendants Smith and Whited assert they are entitled to immunity from suit based upon the doctrine of qualified immunity. Qualified Immunity insulates government officials in their individual capacities from civil lawsuits, so long as the challenged conduct does not violate clearly established federal statutory or constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Santamorena v. Georgia Military College*, 147 F.3d 1337 (11th Cir. 1998); *Adams v. Poag*, 61 F.3d 1537 (11th Cir.), *reh'g denied*, 70 F.3d 1287 (11th Cir. 1995). "To be clearly established, the contours of an asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Wilson v. Strong*, 156 F.3d 1131, 1134 (11th Cir. 1998). The Eleventh Circuit had said that, "[i]n reviewing a motion to dismiss based on qualified immunity, the district court is required to accept the factual allegations in the plaintiff's complaint as true and draw all reasonable inferences in favor of the plaintiff." *Wilson*, 156 F.3d at 1133 (citing *Nolen v. Jackson*,

8

102 F.3d 1187, 1190 (11th Cir. 1997)). "At the motion to dismiss stage of the proceedings, the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined." *Williams v. City of Montgomery*, 21 F. Supp. 2d 1360, 1366 (M.D. Ala. 1998) (citing *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1366 (11th Cir. 1998); *Wooten v. Campbell*, 49 F.3d 696, 699 (11th Cir. 1995)). In order to properly allege a constitutional violation, the plaintiff must satisfy the Eleventh Circuit's "heightened pleading standards in § 1983 claims." *Willaims*, 21 F. Supp. 2d at 1367. Therefore, some factual details must be alleged in the pleadings for the proper adjudication of § 1983 claims.

Plaintiff meets this heightened pleading standard by setting forth the factual details of the incident on November 11, 1996: *i.e.*, Officer Whited "shoved him in the back so as to cause him to strike the commode and floor ..." (Complaint at 1 ¶ 6.) Viewing the facts in the light most favorable to plaintiff, Officer Whited acted with excessive force. There is no evidence in the record to suggest that plaintiff posed a danger to the officer or others. Because of the absence of any justification for Whited's action, this court cannot conclude at this stage of the proceedings that a reasonable police officer would have believed that it was

9

constitutionally permissible to "shove" an arrestee into a jail cell with such force that the person would strike the commode and floor.[6]  See *Sheth v. Webster*, 137 F.3d 1447, 1453 (11th Cir. 1998); *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559 (11th Cir. 1993). Accordingly, defendants' motion to dismiss with regard to the qualified immunity defense is due to be denied.

### V. DISCRETIONARY FUNCTION IMMUNITY

Along the same line of analysis, defendants Smith and Whited assert that they are entitled to immunity from plaintiff's state law claims under the doctrine of discretionary function immunity set forth in Alabama Code § 6-5-338(a):

> Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof, ... and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in

---

[6] Defendants are free to reassert this argument later in a Motion for Summary Judgment. At the summary judgment stage, plaintiff would have to produce evidence to establish the claim. At the motion to dismiss stage, the parties may not submit — and the court may not consider — matters outside the pleadings.

10

> performance of any discretionary function within the line
> and scope of his or her law enforcement duties.

The Alabama Supreme Court recently interpreted this statute as
extending discretionary function immunity to municipal police
officers, "unless the officer's conduct is so egregious as to
amount to willful or malicious conduct or conduct engaged in in bad
faith."   *Couch v. City of Sheffield*, 708 So.2d 144, 153 (Ala.
1998).   The Alabama Supreme Court has defined "discretionary acts"
as those

> acts as to which there is no hard and fast rule as to the
> course of conduct that one must or must not take and
> those acts requiring exercise in judgment and choice and
> involving   what   is   just   and   proper   under   the
> circumstances.

*Wright v. Wynn*, 682 So.2d 1, 2 (Ala. 1996).   Because the record
before the court indicates that a fact question is presented as to
whether Officer Whited used excessive force in placing plaintiff in
the jail cell, this court cannot conclude at this point that the
doctrine of discretionary immunity applies to defendants' actions.
While it may be difficult for plaintiff to obtain evidence to prove
his allegations, plaintiff is nonetheless, at this early stage of
the litigation, entitled to an opportunity to discover such
evidence.  Accordingly, defendants' motion to dismiss the state law

11

claims on the basis of discretionary function immunity is to due to

be denied.

An appropriate order consistent with this memorandum opinion

will be issued contemporaneously herewith.

DONE this __17th__ day of February, 1999.

_____

United States District Judge

12